OSCEOLA MANUF'G Co., Limited, *v.* PIE and others.

*(Circuit Court, W. D. Pennsylvania.* June 12, 1886.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
    Letters patent No. 173,369, granted February 8, 1876, to Sebastian Stutz, for an improvement in car-wheels, construed, and *held* not to be infringed by the defendants.

2. SAME—SCOPE OF PATENT.
    The self-lubricating principle applied to car-wheels being old, and the invention a mere improvement in a well-known class of wheels, and the claim being for a combination of designated component parts, "all as shown and described," *held,* that the patentee was limited to the particular construction shown in the specification.

In Equity.
*James I. Kay* and *C. H. McKee*, for complainants.
*George Harding* and *Francis T. Chambers*, for respondents.

ACHESON, J. The bill charges the defendants with the infringement of letters patent No. 173,369, granted on February 8, 1876, to Sebastian Stutz, for an invention which, the specification recites, relates to an improvement in the class of car-wheels which are provided with chambers or cavities for holding a lubricant, and from which it is fed or distributed to the friction surfaces of the axle journal. The specification describes the improvement thus:

"The construction of the wheel is as follows: The nave or hub, N, of the wheel terminates at its outer end in a conical cap, $A^1$, which is cast in one piece with the body of the wheel, and provided with a small opening, *m*, through which the lubricant is introduced into the reservoir, O, formed by recessing the inner portion of the hub between the circular ribs or bearing-surfaces, *h, h*. Grooves or notches, *g*, are cut in the rib, *h*, to permit the lubricant (inserted through the hole, *m*) to find access to the said annular chamber or reservoir, O. Openings, *n*, are formed in the sleeve or box, S, to permit access of the lubricant from the reservoir, O, to the journal, J. The rear or inner end of the sleeve, S, has a radical flange, *f*, and the hub, N, is secured thereto by means of bolts, *b*, as shown."

The sleeve or box, S, is slipped over the axle journal, and secured thereto by means of a pin and washer or a screw-nut; and the axle journal and sleeve, thus united, are inserted in the hub, and, by means of the bolts, *b*, passing through the flange, *f*, of the sleeve,

into the hub, the wheel is held in place on the axle.    After thus describing his improvement, the patentee declares:

"By constructing journal-box and hub, and connecting them in the manner shown and described, I secure freer circulation and access of oil to the journal, and adapt the wheel to be removed from the axle with greater convenience."

Then follow, first, a disclaimer, and then the claims, in these words:

"I do not claim a car-wheel provided with a detachable cap or oil-cup, nor the employment of a perforated journal-box in connection therewith; but what I claim is (1) the combination with the hub, N, having chamber, O, and oil-passages, $g$, in its front inner bearing, $h$, and the oil-holding cap, $A^1$, of the box, S, having the perforations, $n$, all as shown and described, whereby the lubricant has free circulation around said box, and access to the journal, as specified.    (2) The combination with the hub, N, of the journal-box, S, having the radical flange, $f$, and the screw-bolts, $b$, as shown and described, for the purpose specified."

The defendants' car-wheel, which is made under letters patent granted on November 2, 1880, to J. N. Watt, differs from the Stutz wheel in these two important particulars, viz.:    *First*, the cap or oil-cup is made separate and distinct from the hub or body of the wheel, and is detachable therefrom; and, *secondly*, the journal-box is not removable, but is cast solid or integral with the hub or body of the wheel.    This construction is so unlike that described by Stutz that it is conceded not to come within the scope of his second claim.    It is, however, most earnestly contended that it infringes his first claim. But what does that claim cover?    Certainly not the self-lubricating principle applied to car-wheels, for that was old.    Confessedly, Stutz' invention was merely an improvement in a well-known class of wheels having oil-chambers from which the lubricant is supplied to the bearing surfaces, and his specification throughout is only explanatory of his particular mode of constructing and connecting the hub and journal-box.    And then we have him expressly disclaiming "a car-wheel provided with a detachable cap or oil-cup."    With such a specification, and on the heels of such disclaimer, a carefully limited claim would naturally follow.    And such is the claim under consideration. Whether, in view of the state of the art as shown by the prior patents, any broader claim was allowable, is a debatable question, which it is not necessary to consider.

Turning to the claim as made, it is found to be for a combination of two constituent parts,—one being "the hub, N, having chamber, O, and oil passages, $g$, in its front inner bearing, $h$, and the oil-holding cap, $A^1$;" and the other being "the box, S, having the perforations, $n$," "*all as shown and described.*"    This language is unmistakable.    The limitations thereby imposed are in perfect keeping with the scope of the specification, and I do not perceive any modifying effect in the added words, "whereby the lubricant has free circulation around said box, and access to the journal."    Under the

first claim, then, the patented combination is of the recessed hub, having the cap or oil-holding cup in a single casting with the removable sleeve or journal-box.

This interpretation being in accordance with the plain words of the claim, it would not be a sound objection thereto, even were it true that the effect would be to leave no independent subject-matter upon which the second claim could operate. In fact, however, the second claim has a *third* component in "the screw-bolts, *b*."

I am of opinion that the wheels manufactured by the defendants do not infringe either of the claims of the Stutz patent.

Let a decree be drawn dismissing the bill, with costs.